## The final accounting in ROBINSON ADAMS' Estate.

ON settlement of accounts on final accounting, a claim of widow for separate property of hers, taken into possession of her husband in his life time, disallowed for want of proof. A claim of the executor for moneys advanced to testator, also disallowed for want of proof.

THE SURROGATE. The testator, after some specific legacies, left the remainder of his property, which is all personal, to Horace J. Moody and Eliza J. McClean, and appointed Moody executor. The widow of the testator presented a claim against the estate, amounting to $3,176.36, and on the final accounting of the executor, the validity of this claim has been necessarily investigated, and testimony taken before an auditor.

The claim was based upon a promissory note alleged to have been made by the testator for certain moneys received

by him from his wife's separate property, and which note was alleged to have been seen by witnesses, and to have been in existence shortly before his death. Two persons, Mrs. Hobson and Mr. Ryan, swear that they saw such a note. But the loss of the note is not proven. It may still be in existence. Parol proof cannot be received as to its contents, while its non-production is not accounted for.

Even, however, if the claimant could prove the note by this testimony, she has not proved it, for the amount of the note is not remembered by Mrs. Hobson; and Ryan does not prove the handwriting of the paper he saw. The claim must be rejected. There is not such evidence as would authorize the Surrogate to declare the testator's estate responsible for separate property of the wife, taken into his possession in his lifetime, which would be the only ground upon which such a claim, if proven, could be maintained.

The widow, however, does not appear to have had her $150 worth of property and household articles set apart, as provided by statute, and the executor must be charged with this in his account. A bill of $181.65, rendered by him against the estate, for "moneys advanced by him to the testator during his last sickness," is only supported by his own affidavit, which is not evidence. This amount must also be disallowed the executor.